**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BRASWELL MOTOR FREIGHT LINES, Respondent.**

**No. 14663.**

United States Court of Appeals,
Fifth Circuit.

March 25, 1955.

Winthrop A. Johns, Asst. Gen. Counsel, Julius G. Serot, Alvin Lieberman, Joseph I. Nachman, David P. Findling, Assoc. Gen. Counsel, NLRB, A. Norman Somers, Asst. Gen. Counsel, NLRB, Washington, D. C., James R. Webster, NLRB, Fort Worth, Tex., for petitioner, National Labor Relations Board.

Sam. R. Sayers, Cecil A. Morgan, Joseph A. Jenkins, Rawlings, Sayers, Scurlock & Eidson, Fort Worth, Tex., for respondent Braswell Motor Freight Lines.

Mullinax & Wells, L. N. D. Wells, Jr., Dallas, Tex., for Teamster's Union, A. F. of L.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

PER CURIAM.

By their respective motions and their briefs in support thereof, Respondent and the Board bring to the attention of this court and to a head the existing controversy between them which has been going on since September 14, 1954, when the final decree in this cause was entered.

This controversy is over whether, as Respondent claims, the Board, by its refusal to hold a consent election, is in violation of the letter and spirit of the provisions in our decree authorizing "the employees to freely choose and have certified as their representative the Independent, or any other, or no union, if that is their wish", or, as the Board claims, the respondent is in such violation by its conduct in continuing to check off UTE fees and dues and its action in resuming recognition of UTE on January 25, 1955.

In support of its position, the respondent points to the undisputed, indeed admitted, fact that UTE is the overwhelming choice of its employees, convincingly evidenced not only by way of signatures and authorizations from its employees but also by their petition to the Board for an election and their written authorizations for check off of their dues, and to the refusal of Respondent until January, 1955, to recognize UTE until, in accordance with the decree, it was certified by the Board as representative.

It points, too, to the persistent refusal of the Board to permit a consent election to be held because, and only because, Respondent was continuing on employee authorizations to deduct dues and fees, though it was not paying them over to UTE.

Finally, it points to the demands made upon Respondent by its employees that it recognize, and to Respondent's recognition of, UTE on January 25, 1955. So pointing, it urges upon us: that its actions have been in accordance with our decree, the Board's actions in contravention thereof; and that the court should enter an order, in effect, directing the Board to forthwith conduct an election and, in default thereof, requiring it to treat the recognition of UTE by Respondent as equivalent to a certification by the Board, and authorizing Respondent to pay to UTE the dues deductions it has made heretofore and intends to make pursuant to wage assignments.

Assuring the court that it has conducted itself as it has in the belief that it was authorized by the decree of the court so to act, it offers, if it has been mistaken in its interpretation of the decree and its actions pursuant thereto, to take such corrective action as this court may direct.

The Board, denying that it has acted arbitrarily and unreasonably, and standing pat on its position that by continuing to check off UTE fees and dues, the Respondent in effect has been recognizing UTE in violation of this court's decree, insists that it ought not to, indeed cannot, permit an election to be held until Respondent has complied therewith, and urges upon us that we enter the order as prayed for by it.[1]

We find ourselves in complete disagreement with Respondent's position and in equally complete agreement with that of the Board.

We think it too plain for argument or discussion: that the Board is correct in its contention that by continuing to check off fees and dues, though they were not paid over to UTE, Respondent encouraged and favored UTE in violation of our decree, and that it did so even more egregiously when it recognized UTE without prior certification by the Board; and that the motion and prayers of the Respondent should be denied, while those of the Board should be granted except that the refund date will be fixed not at February 1, as prayed for by the Board but at September 14, 1954, the date of our decree.

The motion and prayers of the Respondent are, therefore, Denied in full. The motion and prayers of the Board with the exception above stated, are Granted in full, and an appropriate decree may be presented for entry.

The motion of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, A. F. of L. to intervene is Denied and their opposition to Respondent's motion is Dismissed.

---

1. " * * * direct respondent, on pain of proceedings to adjudge respondent in contempt of court, to comply fully with prior decisions and order of the Court by:

(1) Posting and maintaining at all its operating offices, shops and terminals, for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted, a notice to employees stating that, pursuant to the Court's orders, it is:

(a) Withdrawing all recognition from UTE and will not recognize it unless and until it is certified by the Board;

(b) Discontinuing the check off of UTE fees and dues from the wages of employees and that it will refund such fees and dues checked off since February 1, 1954, to the employees from whose wages they were checked off.

(c) That it will otherwise comply with the Court's opinions and orders in this matter by withholding recognition from UTE unless it is certified, by not giving effect to any contract or agreement with UTE, and by not contributing any support to UTE or otherwise interfering with the employees in the selection of a bargaining representative."